

FILED by SAS D.C.

AUG 20 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### (MIAMI DIVISION)

ANTHONY DAVIDE,
    Plaintiff,
v.

CASE NO. 1:18-cv-22351-RNS

SPECIALIZED LOAN SERVICING, LLC, a
A Delaware Limited Liability Company, FEDERAL
HOME LOAN MORTGAGE CORPORATION, a
Federally Chartered Corporation & DITECH
FINANCIAL, LLC, a Deleware Corporation

    Defendant,

_____/

## PLAINTIFF ANTHONY DAVIDE'S AMENDED COMPLAINT

Plaintiff ANTHONY DAVIDE ("Mr. Davide"), by undersigned counsel, sues Defendant, SLS SERVICING ("SLS") FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC), a Federally Chartered Corporation & DITECH FINANCIAL, LLC (DITECH), a Deleware Corporation and alleges as follows.

## GENERAL ALEGATIONS

1. Plaintiff Mr. Davide is a Florida resident. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

## STATEMENT OF FACTS

2. SLS is the servicer of Mr. Davide's mortgage loan, and is a Licensed Mortgage Lender under the auspice of the Florida Office of Financial Regulation (License# MLD528).

3. DITECH was the servicer of Mr. Davide's mortgage loan, and is a Licensed Mortgage Lender under the auspice of the Florida Office of Financial Regulation (License# MLD363).

4. FREDDIE MAC is the investor who owns Mr. Davide's loan.

5. In September 2017, Florida was impacted by Hurricane Irma heavily impacting Monroe County, where Mr. Davide's property is located.

6. Mr. Davide, along with his spouse, own a property located at 27 Lakeside Lane, Key Largo Florida 33037.

7. As a result of Hurricane Irma, in September 2017, Mr. Davide requested and received a six-month payment deferral from DiTECH, the prior servicer, who subsequently transferred the loan to SLS in November 2017.

8. In September 2017, DiTECH granted Mr. Davide's six- month payment deferral.

9. DiTECH notified Mr. Davide that he would have the option to repay the deferred payments or have the payments added to the end of the loan.

10. In September 2017, Mr. Davide notified them via telephone that he would add the payments to the end of his loan.

11. DiTECH told Mr. Davide that a representative would reach out to him at the end of the six months to make the arrangements.

12. DiTECH subsequently sold/transferred Mr. Davide's loan to SLS on or about November 2017.

13. Mr. Davide discovered that SLS reported to Equifax his loan as 120 days delinquent in September 2017, October 2017, November 2017, December 2017, January 2018, and February 2018.

14. Mr. Davide also discovered that SLS reported to Equifax that he had a past due balance of $13,382.00.

15. Mr. Davide made his first payment after the deferral on March 14, 2018. Several days later, he became aware of the delinquency reporting and immediately contacted SLS.

16. Mr. Davide has made numerous phone calls and sent various letters explaining the situation but to no avail.

17. To date, SLS has refused to correct the reporting.

18. The major credit bureaus have continued to report said delinquency even after Mr. Davide notified SLS of the error.

## COUNT I.   FAILURE TO INVESTIGATE (SLS)

19. Mr. Davide realleges and incorporates paragraphs one through eightenn as if fully set out herein.

20. On one or more occasions within the six months prior to the filing of this suit, by example only without limitations, SLS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations.

21. As a result of this conduct, action, and inaction of the DEFENDANTS, Mr. Davide suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

22. The Defendant's conduct, action and inaction willful, rendering them liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, SLS & DITECH were negligent, entitling Mr. Davide to recover under 15 U.S.C. §1681o.

23. Mr. Davide is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendant's in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT II.   NEGLIGENCE

24. Mr. Davide incorporates the preceding paragraphs by reference.

25. Under the circumstances alleged, in which SLS engaged in significant communications and activities with Plaintiff and the loan thereby creating a special relationship with Mr. Davide, SLS owed a duty to Mr. Davide to provide him with accurate information about his loan account and its obligations and rights thereunder.

26. SLS breached that duty by refusing to respond to Mr. Davide's inquiries, by acknowledging the blatant inaccuracies contained in Mr. Davide's credit report but refusing to redress the inaccuracies, advising Mr. Davide to contact Equifax instead of taking steps to address the issue, and ultimately denying Mr. Davide assistance.

27. Mr. Davide was damaged by SLS's misconduct by the severely negative credit reporting that made it impossible for Mr. Davide to purchase a car, arrange financial aid for his children's college, and secure credit line increases from various credit cards.

**WHEREFORE,** Plaintiff Mr. Davide respectfully requests the following relief:

(a) Appropriate Equitable relief;

(b) Actual Damages

(c) Reasonable attorney's fees and the costs of this litigation; and

(d) Such other relief the court deems equitable and just.

## COUNT III.   TORT OF OUTRAGE

28. Mr. Davide incorporates the preceding paragraphs by reference.

29. SLS's conduct, namely, repeatedly misstating the amounts due, reporting gross inaccuracies when Mr. Davide's account was current to credit bureaus, refusing to assist Mr. Davide to rectify the gross inaccuracies, and burdening Mr. Davide's financial

.

situation when his account was current, was atrocious, intolerable, and exceeded the bounds of decency.

30. SLS was substantially certain that emotional distress would follow from their conduct.

31. SLS's actions caused Mr. Davide to suffer severe emotional distress.

WHEREFORE, Plaintiff Mr. Davide respectfully requests the following relief:

(a) Appropriate equitable relief;

(b) Actual and punitive damages;

(c) Reasonable attorney's fees and the costs of this litigation; and

(d) Such other relief the Court deems equitable and just.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

Anthony Davide, Pro Se
Plaintiff
9415 Sunset Drive #274
Miami, FL. 33173
305-728-3338
tony@tempecapital.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has been furnished, via the following manner on this 13st day of August 2018, to the following:

**U.S. Mail Service List**

Peter Maskow
McGlinchey Stafford
One East Broward Blvd., Suite 1400
Fort Lauderdale, FL 33301

ANTHONY DAVIDE
8841 SW 105 ST
Miami, FL 33176
305-728-3338

Anthony Davide
14115 Sunset Drive
Suite 279
Miami, FL 33173

Clerk of the Court
United States Courthouse
400 N. Miami Ave
Miami, FL 33128

33128-771699