United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Anthony Davide, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Specialized Loan Servicing (SLS), LLC; Federal Home Loan Mortgage Corporation; and Ditech Financial LLC, Defendants. | ) Civil Action No. 18-22351-Civ-Scola ) ) ) ) ) |

**Omnibus Order on Motion to Dismiss and
Motion for Summary Judgment**

This matter comes before the Court upon Defendant Specialized Loan Servicing, LLC's ("SLS") Motion for Summary Judgment (ECF No. 45) and Defendant Federal Home Loan Mortgage Corporation's ("FHLMC") Motion to Dismiss (ECF No. 61). Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the Defendants' motions. (**ECF Nos. 45, 61**.)

**I.    Background**

In 2004, Plaintiff Anthony Davide executed a promissory note secured by a mortgage on Davide's property in Key Largo. (ECF No. 44 at ¶ 1.) At the time the loan was made, Defendant Ditech Financial LLC[1] ("Ditech") was the servicer of the Plaintiff's loan. (Compl. at ¶ 3, ECF No. 12.)

In September 2017, Florida, especially Monroe County, was impacted by Hurricane Irma. As a result of the hurricane, Davide requested and received a six-month payment deferral from Ditech. (*Id.* at ¶ 7.) Pursuant to this deferral, the Plaintiff was not obligated to make payments from October 1, 2017 to March 1, 2018. (ECF No. 44 ¶ at 6.) The September 2017 payment remained outstanding. (*Id.* at ¶ 9.)

On October 16, 2017, servicing of the loan transferred to Defendant SLS. (*Id.* at ¶ 4.) Based on the terms of the deferral, SLS did not report the status of the loan in November 2017, December 2017, and January 2018. (*Id.* at ¶ 10.) On February 12, 2018, SLS reported the loan to credit reporting agencies with an account status of "current" with a comment reflecting that the loan was affected

---

[1] Claims against Defendant Ditch Financial LLC are currently stayed pursuant to a bankruptcy stay. (ECF No. 85.)

by a natural disaster. (ECF No. 44 at ¶ 11; ECF No. 66 at ¶ 10.) On March 12, 2018, SLS reported the loan as "180 days or more past due date." (ECF No. 44 ¶ at 12; ECF No. 66 at ¶ 11.) Davide made his first payment after the deferral on March 14, 2018. (ECF No. 12 at ¶ 15.)

Davide, a pro se litigant, brought this action in May 2018 against SLS, Ditech, and FHLMC for failure to investigate the status of the loan, negligence, and the tort of outrage. (ECF No. 12.) Davide's main argument is that SLS's credit reporting was inaccurate because the deferral period was supposed to be six months (October 1, 2017 to April 1, 2018), not five months (October 1, 2017 to March 1, 2018). (ECF No. 66 at ¶ 8.) The deferral letter states that "[t]he Payment Break Period starts 10-01-17 and lasts for six months. It ends 03-01-18." (ECF No. 43-5.) Therefore, according to Davide, SLS's March 2018 report to the credit agencies should not have stated that the loan was past due.

## II. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, documents, depositions, answers to interrogatories, admissions, or other materials, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24; Fed. R. Civ. P. 56(c)(1)(A). The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Id.* at 249;

*Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Morrison*, 323 F.3d at 924.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. SLS's Motion for Summary Judgment

SLS moves for summary judgment on Count I, failure to investigate the Plaintiff's dispute of his credit report under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)(1)(A), arguing that the FCRA can be enforced through a private right of action ***only*** if the furnisher received notice of the consumer's dispute from a consumer reporting agency. (ECF No. 45 at 5.) Davide responds that SLS received notice of the dispute from the Plaintiff "prior to the filing of the suit." (ECF No. 64 at 3.)

"The FCRA [ ] requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute. 15 U.S.C. § 1681s-2(b). This provision of the FCRA can be enforced through a private right of action, but **only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.**" *Peart v. Shippie,* 345 Fed. App'x 384, 386

(11th Cir. 2009) (citing 15 U.C.S. § 1681s-2(b)(1)) (emphasis added). *See Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1379 (S.D. Fla. 2015) (Bloom, J.) (same). Here, Davide "does not allege that he notified a consumer reporting agency about the disputed credit reporting . . . and there is no allegation that [SLS] received notice of a dispute from a consumer reporting agency." *Librizzi*, 120 F. Supp. 3d at 1379. Therefore, the Court grants SLS's motion for summary judgment on Count I. *See Osborne v. Vericrest Financial, Inc.*, No. 8:11-cv-716-T-30TBM, 2011 WL 1878227, at *2 (M.D. Fla. May 17, 2011) ("[A]n allegation that the notice of the dispute was provided directly from plaintiff to defendant is insufficient to state a claim.").

SLS next argues that Counts II and III for negligence and tort of outrage are state law claims preempted by the FCRA because they are based on the same conduct, incorrect credit reporting. (ECF No. 45 at 10.) The Plaintiff argues that these claims are not based solely on SLS's incorrect credit reporting. (ECF No. 64 at 5.)

"The FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry. As part of the ongoing process of fine-tuning this statutory scheme, Congress. . . added a strong preemption provision." *Davidson v. Capital One, N.A.*, No. 14-20478, 2014 WL 3767677, at *3 (S.D. Fla. July 31, 2014) (Altonaga, J.) (citations and quotations omitted). Under the FCRA, "[n]o requirement or prohibition may be imposed under the laws of any State. . . (1) with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." 15 U.S.C. § 1681t(b). Where a plaintiff's state law claims are based on the same conduct as the FCRA claims, the state law claims are preempted by the FCRA. *See Davidson*, 2014 WL 3767677 at *3; *see also Riley v. General Motors Acceptance Corp.*, 226 F. Supp. 2d 1316, 1322 (S.D. Ala. 2002) ('The issue to be resolved is whether the conduct which gives rise to the plaintiff's FCRA claims . . . may also form the basis for state law claims such as negligence, defamation, invasion of privacy, and outrage. After careful consideration of all relevant precedent, the court concludes that the answer is no; the plaintiff's state claims are entirely preempted by 15 U.S.C. § 1681t(b)(1)(F).").

Here, Davide's state law claims are based on SLS's alleged failure to accurately report the status of the loan. In Count II, Davide alleges that SLS breached its duty to David by providing false reporting information and failed to "redress the inaccuracies" in the credit report. (ECF No. 12 at ¶¶ 25-27.) Count III alleges that SLS "repeatedly mistat[ed] the amounts due [and] report[ed] gross inaccuracies" to the reporting agencies. (*Id.* at ¶ 29.) Because Counts II and III are premised on the same conduct as Count I, SLS's alleged reporting of

inaccurate information, Counts II and III are preempted by the FCRA. The Court grants SLS's motion for summary judgment on Counts II and III.

## IV. FHLMC's Motion to Dismiss

FHLMC, the investor who owns Davide's loan, filed a motion to dismiss the complaint for failure to timely serve process under Fed. R. Civ. P. 12(b)(5) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 61.)

FHLMC first argues that the Plaintiff failed to effectuate service by October 24, 2018, the deadline set by this Court. (ECF No. 61 at 3.) Instead, FHLMC was served on November 6, 2018. (*Id.*) The Plaintiff argues that he made reasonable efforts to serve FHLMC by the Court's deadline but was unable to do so because he ran into a number of obstacles. (ECF No. 75 at 4.) According to Plaintiff, as soon as he received the Court's paperless order (by mail) setting the deadline to serve additional parties, he immediately went to the Clerk's office to issue the new summons. (*Id.*) He then went to the U.S. Marshal Service because the Clerk told him the Marshals could effectuate service. (*Id.*) The Marshals office told Davide that the person who handles service was out of town and would return on October 12, 2018. (*Id.*) When Davide later inquired as to the status of service, he was told that the Marshals do not serve a summons without a court order. (*Id.* at 5.) On October 22, 2018, he requested that the Court authorize the Marshals to serve the Defendant. On the same day, the Court denied his motion because he was not proceeding *in forma pauperis* and ordered that he use a private company to serve process on the Defendant. (ECF No. 30.) Upon receiving the Court's order by mail, he proceeded to the Marshal's office to retrieve his summons. (ECF No 75 at 5.) The Marshals could not find his summons so he went to the Clerk's office to issue a new summons. (*Id.*) He then located a process server and process was served on November 6, 2018. (*Id.*)

The Court finds that Davide has shown "good cause" to excuse his failure to timely serve the Defendant. "The Eleventh Circuit has stated that *in forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Heenan v. Network Publications, Inc.,* 181 F.R.D. 540, 542 (N.D. Ga. 1998) (citing *Fowler v. Jones,* 899 F.2d 1088, 1095 (11th Cir. 1990)). Although Davide is not proceeding *in forma pauperis*, the Clerk mistakenly believed he was an *in forma pauperis* litigant and directed him to the U.S. Marshals office. The Marshals did not correct the misunderstanding until October 22, 2019, two days before the Court's deadline to serve FHLMC. Davide should have been able to rely on the Clerk and Marshal's instructions and should not be "penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Heenan,* 181

F.R.D. at 542 (affirming magistrate judge's finding of good cause where plaintiff retained counsel before the service deadline, "Plaintiff completed and returned the service documents to the Clerk. Plaintiff's counsel checked before the deadline to confirm that the Marshals were taking care of service and was assured that they were."). The Court denies the Defendant's Rule 12(b)(5) motion to dismiss.

The Defendant also argues that the Plaintiff's claims should be dismissed for failure to state a claim because FHLMC is only mentioned once in the Complaint and the Plaintiff fails to make any specific allegations as to FHLMC. The Complaint alleged that "[FHLMC] is the investor who owns Mr. David's Loan." (ECF No. 12 at ¶ 4.) In Count I of the Complaint, although unclear if asserted against SLS only or all three Defendants, the Plaintiff states that "[a]s a result of this conduct, action, and inaction of Defendants, Mr. Davide suffered actual damages." (*Id.* at ¶ 21.) According to the Plaintiff's response, the Defendant's inaction, or failure to investigate the disputed information, gave rise to the Plaintiff's damages. (ECF No. 74 at 3.) The Plaintiff does not dispute that only Count I is asserted against FHLMC. After reviewing the allegations in the Complaint, the Court agrees with the Defendant.

To avoid dismissal under Rule 12(b)(6), the factual allegations must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, the Plaintiff failed to meet this standard. There are no allegations in the Complaint specific to FHLMC. The only reference to "defendants" in the plural is in Count I, where Davide alleges that "as a result of this conduct, action, and inaction of the Defendants, Mr. Davide suffered actual damages." (ECF No. 12 at ¶ 21.) The Complaint fails to allege FHLMC's reporting obligations (if any), what conduct FHLMC engaged in, that FHLMC reported information (accurate or otherwise) to a credit bureau, or that FHLMC received notice of dispute from a consumer reporting agency that it failed to investigate. Therefore, the Court grants FHLMC's motion to dismiss.

## V. Conclusion

Based on the foregoing, the Court **grants** Defendant Specialized Loan Servicing LLC's motion for summary judgment (**ECF No. 45**) and Federal Home Loan Mortgage Corporation's motion to dismiss (**ECF No. 61**).

The claims against Defendant Ditech Financial Services are currently stayed during the pendency of a bankruptcy proceeding. Therefore, the Clerk is directed to **administratively close** this case until the remaining parties notify this Court that the bankruptcy stay has been lifted. All pending motions are denied as **moot**.

The calendar call scheduled in this case for April 9, 2019 is **cancelled**.

**Done and ordered** in chambers in Miami, Florida, on April 1, 2019.

_____
Robert N. Scola, Jr.
United States District Judge